UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Carissa Palmer, individually and on behalf of all others similarly situated;<br><br>          Plaintiff,<br><br>  -v.-<br><br>Radius Global Solutions, LLC, and John Does 1-25.<br><br>          Defendants. | Civil Action No: _____<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Carissa Palmer (hereinafter, "Plaintiff"), a Connecticut resident, brings this Class Action Complaint by and through her attorneys, against Defendant Radius Global Solutions, LLC (hereinafter "Defendant") individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1. Congress enacted the Fair Debt Collection Practices Act (the "FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to

1

material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts' does not require 'misrepresentation or other abusive debt collection practices.'" 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." Id. § 1692(e). "After determining that the existing consumer protection laws ·were inadequate." Id. § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 15 U.S.C. § 1692 et. seq. and 28 U.S.C. § 2201.  The Court has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where a substantial part of the events or omissions giving rise to this claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of Connecticut consumers under §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of Connecticut, County of New Haven, with an address at 174 Schwink Drive, Meriden, CT 06450.

8. Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA and can be served upon its registered agent, C T Corporation System at 67 Burnside Ave, East Hartford, CT 06108-3408.

9. Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10. John Does l-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

11. Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

12. The Class consists of:
    a. all individuals with addresses in the State of Connecticut;
    b. to whom Defendant Radius sent a collection letter attempting to collect a consumer debt;
    c. containing settlement offers with multi month payment plans;
    d. without disclosing that if a payment is made with an acknowledgment of the debt it would restart the statute of limitations and;
    e. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

13. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

14. Excluded from the Plaintiff Class are the Defendants and all officer, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

15. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. §§ l692e and 1692f.

16. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

17. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

    b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the forms attached as Exhibit A violate 15 USC §l692e and 1692f.

    c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiffs and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

    d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff have no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

    e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

18. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff

Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

19. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

20. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

21. Some time prior to January 7, 2020, an obligation was allegedly incurred to Discover Bank by Plaintiff.

22. The Discover Bank obligation arose out of transactions in which money, property, insurance or services were the subject of the transactions, were used primarily for personal, family or household purposes.

23. The alleged Discover Bank obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

24. Discover Bank is a "creditor" as defined by 15 U.S.C. §1692a(4).

25. Defendant Radius, a debt collector, contracted with Discover Bank to collect the alleged debt.

26. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*Violation I – January 7, 2020 Collection Letter*

27. On or about January 7, 2020, Defendant sent Plaintiff a collection letter (the "Letter") regarding the alleged debt. **See Exhibit A.**

28. The letter provides the consumer with multiple payment options including payment plans that would stretch over multiple months.

29. The last paragraph in the letter states:

> "The law limits how long you can be sued on a debt. Because of the age of your debt, Discover Bank cannot sue you for it. If you do not pay the debt, Discover Bank may report or continue to report it to the credit reporting agencies as unpaid."

30. The Defendant fails to inform the consumer that making a partial payment with an acknowledgement of the debt will restart the statute of limitations for a lawsuit to occur.

31. A payment of principal or interest with an acknowledgement can take a case out of the operation of the statute of limitations

32. The Defendant's omission could likely lead to the Plaintiff choosing a payment option with multiple payments and could unknowingly cause the statute of limitations to restart.

33. As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e
*et seq.*

34. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

35. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. §1692e.

36. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

37. Defendant violated said section

   a. by omitting material information creating a false and misleading representation of the status of the debt/and the effect of a partial payment of the debt in violation of §1692e(10); and

   b. by falsely representing the character, amount or legal status of the debt in violation of §1692e(2)(A);

38. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorney's fees.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692f *et seq.*

39. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

40. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

41. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

42. Defendant violated this section by omitting material information that gave Plaintiff a false understanding of the proper legal status of the debt and the ramifications of specific actions.

43. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

44. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Carissa Palmer, individually and on behalf of all others similarly situated, demands judgment from Defendant Radius Global Solutions as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and appointing her attorneys as Class Counsel;

2. Awarding Plaintiff and the Class statutory damages;

3. Awarding Plaintiff and the Class actual damages;

4. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated:  May 26, 2020

Respectfully Submitted,

   <u>*/s/ Raphael Deutsch*</u>
By:  Raphael Deutsch, Esq.,
**Stein Saks, PLLC**
285 Passaic Street
Hackensack, NJ 07601
Phone: (201) 282-6500
Fax: (201) 282-6501
Fed Bar No. ct28898

Email: rdeutsch@steinsakslegal.com
*Attorneys For Plaintiff*